## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DA VIDA V. ANDERSON,
              Appellant,

          v.

DEPARTMENT OF THE AIR FORCE,
              Agency.

DOCKET NUMBER
DA-0432-13-4620-I-1

DATE: September 8, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony W. Walluk</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Charles R. Vaith</u>, Esquire, Joint Base San Antonio-Randolph, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable performance under 5 U.S.C. chapter 43. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        At all times relevant to this appeal, the agency employed the appellant as a GS-5 Secretary (Office Automation). Initial Appeal File (IAF), Tab 3, Subtab 4a. On March 25, 2013, the appellant's supervisor, S.P., notified her that she was failing to meet critical duties #1, #2, #4, #5, and #6 of her performance standards and placed her on a 60-day performance improvement plan (PIP).[2] *Id.*, Subtab 4m. On May 17, 2013, S.P. extended the PIP period by 28 days. *Id.*, Subtab 4k at 1. On July 16, 2013, S.P. proposed to remove the appellant for unacceptable performance in critical duty #1, which required her to accurately prepare, review, and finalize a variety of documents, and critical duty #4, which required her to maintain her supervisor's calendar, coordinate meeting arrangements, and schedule meetings and conferences. *Id.*, Subtab 4h. After affording the appellant 20 days to respond to the proposed action, the deciding

---

[2] The appellant's Standard Core Personnel Document contains six critical duties. IAF, Tab 3, Subtab 4r at 2-4. These critical duties appear to be akin to critical elements, which usually make up a Federal employee's performance standards. *See id.*

official issued a decision letter imposing the removal effective August 17, 2013.[3] *Id.*, Subtab 4d.

¶3     The appellant appealed the removal to the Board, arguing that S.P. failed to evaluate her work in accordance with rules, regulations, and "sound management principles"; failed to provide her sufficient notice of her deficient performance and an opportunity to improve; held her to an "unattainable 'perfection' performance standard"; and "collected and with[h]eld alleged performance shortfalls to 'pile it on' and support the [removal]." IAF, Tab 1 at 6, Tab 8 at 2. She also raised affirmative defenses of harmful error and denial of due process. IAF, Tab 8 at 3. After holding the requested hearing, the administrative judge issued an initial decision finding that the performance-based removal was supported by substantial evidence and denying the appellant's affirmative defenses. IAF, Tab 14, Initial Decision (ID).

¶4     The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

The administrative judge properly found that the appellant's performance-based removal is supported by substantial evidence.

¶5     In a performance-based action under chapter 43, an agency must establish by substantial evidence that: (1) the Office of Personnel Management (OPM) approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element.

---

[3] The proposal notice initially afforded the appellant 14 days to respond to the proposed removal. IAF, Tab 3, Subtab 4h at 3. On July 24, 2013, the deciding official approved a 6-day extension to the response period, making the new deadline for a response the close of business on August 5, 2013. *Id.*, Subtab 4f.

*White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013). Here, the administrative judge found that the agency proved each criterion by substantial evidence. ID at 4-14. On review, the appellant only challenges the administrative judge's findings regarding criteria (3) and (4), arguing that the performance standards were unreasonable and that the agency did not provide her with a reasonable opportunity to improve. PFR File, Tab 1 at 6‑7.

¶6        Regarding the third criterion, section 4302(b)(1) requires that performance standards, to the maximum extent feasible, permit the accurate evaluation of job performance on the basis of objective criteria related to the job in question. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 29 (2010). Standards must be reasonable, realistic, attainable, and clearly stated in writing. *Id.* Provided these requirements are met, however, the Board will defer to managerial discretion in determining what agency employees must do to perform acceptably in their positions. *Id.* On review, the appellant disagrees with the administrative judge's finding that her performance standards were valid and did not require her to attain "perfection," arguing that S.P. imposed an unreasonable and unattainable accuracy rate of five errors per month (two errors on the slides and three errors on the correspondence) in his specific requirements for critical duty #1. PFR File, Tab 1 at 7; ID at 6.

¶7        The record reflects that the performance standards applicable to critical duty #1 required the appellant to: "accurately prepare[] documents in accordance with regulations and policies in the appropriate format"; "normally review[] all correspondence thoroughly to ensure correct grammar, spelling, capitalization, and punctuation"; and "routinely finalize[] [documents] in a timely manner, meeting prescribed suspense dates or established deadlines." IAF, Tab 3, Subtab 4r at 2. In the March 25, 2013 notice of unacceptable performance, S.P. notified the appellant of the following specific minimum requirements she must meet during the PIP period to perform at a satisfactory level in critical duty #1: complete an "immediate update" of telephone and birthday rosters and monthly

updates thereafter; accurately update staff meeting slides prior to every staff meeting with "no more than 2 situations where these items will not be completed"; "review and proofread all correspondence" and ensure that "correspondence handled during this opportunity period . . . must have no more than 3 errors"; and review and route received documents within 48 hours, return any document reviewed by S.P. within 24 hours, and, in the event of any issues, seek assistance to "ensure no missed deadlines." *Id.*, Subtab 4m at 2.

¶8        Although the Board has overturned actions that were based on standards requiring inordinately high rates of accuracy, *see, e.g.*, *Blain v. Veterans Administration*, [36 M.S.P.R. 322](#), 325 (1988) (finding that a 99.91% accuracy rate was unreasonable and thus invalid), this is not such a case.  Requiring the appellant to update staff meeting slides prior to staff meetings on all but two occasions during the PIP period is reasonable on its face, and the appellant has failed to provide any explanation or evidence to suggest that this requirement was unreasonable or unattainable.  IAF, Tab 3, Subtab 4m at 2; *see* IAF, Tabs 1, 8; PFR File, Tab 1.  Regarding the error limitation on correspondence, substantial evidence shows that the appellant was not held strictly to any particular error rate.[4]  IAF, Tab 3, Subtab 4h at 2.  Her supervisor and the deciding official ultimately determined that the appellant's performance in critical duty #1 was unacceptable, not because she made over three grammatical, spelling, capitalization, or punctuation errors on correspondence during the PIP period, but because of pervasive inaccuracies and errors in her work product throughout the PIP period, among other deficiencies.[5]  *See id.*  Furthermore, the deciding official

---

[4] The three-error limit set forth in S.P.'s specific requirements under critical duty #1 is vague as to whether the appellant was allowed three errors per document or three errors total during the PIP period.  *See* IAF, Tab 3, Subtab 4m at 2.  We need not resolve this issue, however, as the appellant was not strictly held to either standard.  *Id.*, Subtab 4h at 2.

[5] The proposal notice cites 14 documents produced by the appellant containing at least 1 error, as well as 5 occasions when she failed to accurately update the meeting slides

testified that, while the number of documents with errors was a factor in his consideration, he imposed the removal due mainly to the appellant's failure to demonstrate any improvement during the PIP period. IAF, Tab 13, Hearing Compact Disc (testimony of the deciding official). Thus, we find that the requirements to achieve a satisfactory performance rating in critical duty #1 were reasonable and attainable, and we discern no basis to disturb the administrative judge's finding that the performance standards were valid. ID at 6.

¶9     Regarding the fourth criterion, the Board has explained that, in determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time that is sufficient to enable the employee with an opportunity to demonstrate acceptable performance. *Lee*, 115 M.S.P.R. 533, ¶ 32. The administrative judge found that the agency proved by substantial evidence that the approximately 90-day PIP period constituted a reasonable opportunity for the appellant to demonstrate improvement. ID at 13. On review, the appellant does not dispute that her PIP period lasted nearly 90 days, but argues that the length of the PIP period was insufficient and that S.P. did not take "adequate measures" to rehabilitate her. PFR File, Tab 1 at 6‑7.

¶10     Here, as discussed above, the appellant's position as a Secretary (Office Automation) required her to perform various clerical and administrative duties. IAF, Tab 3, Subtab 4r. During the PIP period, the appellant's supervisor required her to demonstrate improvement in these administrative and clerical tasks by, among other things, updating telephone and birthday rosters, accurately updating

---

before the meeting, 2 occasions when she failed to update the birthday roster as requested, 1 instance when she failed to forward information until 2 hours before the suspense time, and 1 occasion when she failed to catch an error on 4 time cards she forwarded to S.P. for his signature. IAF, Tab 3, Subtab 4h at 2.

staff meeting slides prior to staff meetings, making fewer grammatical, spelling, capitalization, and punctuation errors in correspondence she prepared or reviewed, timely reviewing and routing office correspondence, and accurately maintaining her supervisor's calendar. *Id.*, Subtab 4m. We agree that an approximately 90-day PIP was a sufficient amount of time to afford the appellant a reasonable opportunity to demonstrate acceptable performance in these administrative and clerical duties, which were of limited complexity and involved short-term, discrete projects. *See Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 96, 101 (1989) (finding that a 30‑day PIP satisfied an agency's obligation to provide a GS-5 Secretary with a reasonable opportunity to demonstrate acceptable performance), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table). Further, during the PIP period, S.P. provided the appellant with detailed written feedback and conducted regular meetings with her to discuss her performance and progress. IAF, Tab 3, Subtabs 4i-4m. This degree of assistance is greater than that which the Board has found sufficient to meet an agency's obligation. *See Goodwin v. Department of the Air Force*, 75 M.S.P.R. 204, 208-09 (1997). We therefore find no basis to disturb the administrative judge's finding that the agency proffered substantial evidence that it afforded the appellant a reasonable opportunity to improve. *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 20 (2013).

¶11     The appellant does not challenge, and we discern no reason to disturb, the administrative judge's findings that the agency proved the other elements of this performance-based action by substantial evidence—specifically, that the action was effected under a performance appraisal system approved by OPM, that the standards were clearly communicated to the appellant, that she was notified that her performance was unacceptable in five of the critical duties of her position, and that she failed to improve in two of the five critical duties during the PIP period. ID at 4-14; *see* PFR File, Tab 1. Thus, we agree with the administrative

judge's conclusion that the appellant's performance-based removal is supported by substantial evidence.  ID at 4‑14.

The administrative judge correctly found that the appellant failed to prove his affirmative defense of harmful error.

¶12    If a removal action under chapter 43 is supported by substantial evidence, the Board will sustain the action unless the appellant shows by a preponderance of the evidence that:  (1) the agency committed harmful procedural error in reaching its decision; (2) the decision was based on a prohibited personnel practice under 5 U.S.C. § 2302(b); or (3) the decision was not in accordance with law.  5 U.S.C. § 7701(c); 5 C.F.R. § 1201.56(b)(2)(i)(C); *see Lee*, 115 M.S.P.R. 533, ¶ 6.  In the initial decision, the administrative judge denied the appellant's harmful error and denial of due process affirmative defenses, and sustained the agency's performance-based removal action.  ID at 14-19.  On review, the appellant challenges this finding, arguing that the deciding official violated her due process rights by "unreasonably" denying her requested extension and that, if he had he granted her request for an extension, it is "possible" that he would have arrived at a different decision on the proposed action.  PFR File, Tab 1 at 1‑6.

¶13    An employee whose removal is proposed under chapter 43 is entitled to several statutory protections, including "a reasonable time to answer orally and in writing."  5 U.S.C. § 4303(b)(1)(C).  The notice requirements of section 4303 are procedural in nature and thus are subject to a harmful error analysis.  *Faust v. Smithsonian Institution*, 29 M.S.P.R. 496, 499 (1985).  To show harmful error, the appellant must prove that any procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Towne*, 120 M.S.P.R. 239, ¶ 35.

¶14    It is undisputed that the July 16, 2013 notice of proposed removal advised the appellant of her right to respond to the proposed action within 14 calendar days and provided the deciding official's name and contact information.  IAF, Tab 3, Subtab 4h at 3.  On July 24, 2013, the appellant's union representative

requested an 8-day extension of time to furnish a response to the proposed removal on the appellant's behalf. *Id.*, Subtab 4e at 2. The deciding official granted a 6‑day extension, allowing the appellant until the close of business on Monday, August 5, 2013, to provide a response to the proposed removal. *Id.* at 1. Neither the appellant, nor her union representative, made an oral or written response within that period. *Id.*; IAF, Tab 3, Subtab 4d at 1. On the morning of August 6, 2013, the union representative emailed the deciding official, asking permission to submit a response by close of business. IAF, Tab 3, Subtab 4e at 1. The deciding official denied his request and issued a decision letter that same day imposing the proposed removal effective August 17, 2013. *Id.*; IAF, Tab 3, Subtab 4d. In the afternoon on August 6, 2013, the union representative emailed the deciding official a brief response to the proposed removal. *Id.*, Subtabs 4c, 4g. However, the deciding official did not consider the late response in reaching his decision to impose the removal. *Id.*, Subtab 4b.

¶15     As described in the preceding paragraph, the administrative judge found, and the appellant does not dispute on review, that the agency afforded the appellant 20 days to respond to the proposed removal but she did not submit a response within that timeframe. *Id.*, Tab 3, Subtab 4h at 1; ID at 16. We find that 20 days is a reasonable amount of time to respond to the proposed action. *See, e.g.*, *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 685‑86 (1991) (finding that a 5‑day period to respond to a notice of proposed separation afforded the appellant minimum due process). The appellant's assertions on review that the deciding official acted unreasonably in denying her requested extensions are inapposite to this finding. PFR File, Tab 1 at 2‑6.

¶16     Even if the deciding official erred by granting only 6 of the 8 additional days requested or by denying the appellant's second request to submit a response out-of-time by close of business on August 6, 2013, we agree with the administrative judge that the appellant has failed to establish that any such error

was harmful. ID at 17. On review, the appellant argues that it is "possible" that the deciding official would have reached a different conclusion if the appellant had received an extension to the response period. PFR File, Tab 1 at 5. However, to establish that a procedural error is harmful, the appellant must show by preponderant evidence that the error was *likely* to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error, not merely that it was *possible*. *See Towne*, 120 M.S.P.R. 239, ¶ 24. The appellant has failed to allege, much less show by preponderant evidence, that the deciding official likely would have reached a different conclusion on the proposed removal if the appellant had received the requested extensions. PFR File, Tab 1. Accordingly, we find no basis to disturb the administrative judge's finding that the appellant failed to establish her affirmative defense.

The Board lacks the authority to mitigate the penalty.

¶17        Finally, the appellant argues on review that the penalty of removal was excessive and that the deciding official should have reduced her grade or transferred her to a different position instead. PFR File, Tab 1 at 7. The appellant does not appear to have raised this argument below. IAF, Tabs 1, 8. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Even if the appellant properly raised the argument below, however, the Board has no authority to mitigate a removal taken under chapter 43. *Lee*, 115 M.S.P.R. 533, ¶ 6. Thus, we find that this argument provides no basis to disturb the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                    The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.